**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

ASHLEY HOWLAND, individually, and on behalf of PENNY HOWLAND, a minor,

Plaintiffs,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION; and ROE CORPORATIONS I-X,

Defendants.

Case No.: 2:25-cv-02078-GMN-EJY

**ORDER**

Before the Court is the Motion for Sanctions arising from what Plaintiffs contend to be USAA's lack of good faith participation in the October 27, 2026 settlement conference. ECF No. 37. I find no response is necessary. The Motion is denied.

Plaintiffs are not privy to all that transpired during the two hours I spent speaking to the parties. Moreover, having conducted hundreds of settlement conferences over the last seven plus years, I assessed the parties' respective positions and ended the conference when I found it appropriate to do so. In sum, there was (and remains) a fundamental difference of opinion regarding the interpretation of law impacting the parties respective views of the case. I cannot force a party to settle; nor was I in a position to issue an interpretation of the law in dispute given the issue remains pending before the assigned district judge.

I choose not to address all of the accusations raised in the pending Motion. "[M]agistrate judges assume a variety of roles in the course of aiding the district court under 28 U.S.C. § 636, including those of mediator and adjudicator …." *Patterson v. Santini*, No. 11-CV-01899-RM-KLM, 2016 WL 363783, at *3 (D. Colo. Jan. 29, 2016) (quoting *Hameli v. Nazario*, 930 F.Supp. 171, 182 (D. Del. 1996)). The Federal Rules of Civil Procedure "contemplate that judges can play a role in settlement discussions." *Blackmon v. Eaton Corp.*, 587 Fed.Appx. 925, 934 (6th Cir. 2014) (citing Fed. R. Civ. P. 16(a)(5), (c)(2)(I)). That role requires appropriate and candor based on the parties' positions during the separate conferences conducted.

The above said, I respond to Plaintiffs' Federal Rule of Civil Procedure 37 argument. I find Plaintiffs and Defendant were prepared for settlement and each participated in a manner consistent with their legal position. The Court finds no failure by either party—each entrenched in its position—to participate meaningfully in the settlement conference. While in the course of conducting the settlement I expressed opinions on positions taken endeavoring to promote settlement, any disappointment in the inability to reach agreement does not equate to a lack of good faith.

Further, "[t]he obligation to attend and participate in a mandatory settlement conference is governed by Rule 16(a)(5) of the Federal Rules of Civil Procedure …." *Sherwin v. Infinity Auto Insurance Co.*, Case No 2:11-cv-00043-MMD-GWF, 2013 WL 1182204, at *3 (D. Nev. Mar. 19, 2013). In *Sherwin*, the court cited the following case law:

- *A.T. Reynolds & Sons, Inc.,* 452 B.R. 374, 382 (S.D.N.Y. 2011) (stating: "It is well-settled that a court cannot force a party to settle, nor may it invoke 'pressure tactics' designed to coerce a settlement"; "although a court may require parties to appear for a settlement conference, … it may not coerce a party into making an offer to settle." (Citations omitted.));
- *Acquisto v. Manitowoc FSG Operations, LLC,* Case No. 11-cv-00803 (A)(M), 2012 WL 4722028, *3 (W.D.N.Y. 2012) ("[A]lthough courts may require parties to participate in mediation, they lack the power to sanction a party for refusing to make a settlement offer."); and
- *Whitfield v. Pick Up Stix, Inc.,* Case No. 2:10-cv-00099-ECR-PAL, 2011 WL 3875330, at **1-2 (D. Nev. 2011) (finding the plaintiff in an employment discrimination case did not act in bad faith by failing to make a counteroffer to defendant's "generous settlement offer" during a mandatory Early Neutral Evaluation conference, and finding Rule 16 is not designed as a means for clubbing the parties—or one of them—into an involuntary compromise.") (cleaned up).

*Id.* The court in *Sherwin* noted that while it may have been good practice for the defendant to notify the plaintiff of its specific position regarding settlement, the court's order setting the settlement conference did not require such a disclosure and, therefore, no sanctions were awarded. *Id.* at 4.

Here, the Order setting the settlement conference did not require the parties to share specific settlement positions. ECF No. 32. Indeed, the Order expressly states that settlement briefs were not to be exchanged. *Id.* at 2. Those briefs were submitted on October 20, 2026. Six months earlier, in April 2026, I instructed the parties to engage in a discussion regarding whether proceeding with a settlement conference would be fruitful, which they did. In September 2026, the Court issued an

order addressing then-pending Plaintiffs' Motions to Dismiss Defendant's Counterclaims, for Order to Show Cause, and for Partial Summary Judgment. ECF No. 33. While the counterclaims were dismissed, the Motions for an Order to Show Cause and for Partial Summary Judgment were denied. *Id*. The Court's Order required supplemental briefing on one legal issue, which impacted the parties' respective positions regarding settlement.

In all, there is no basis for sanctions in this case.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Sanctions (ECF No. 37) is DENIED.

IT IS FURTHER ORDERED that the parties are reminded that the stay of discovery to which they stipulated was automatically lifted one court day after the order resolving Plaintiffs' Motion to Dismiss Counterclaims, and a discovery plan and scheduling order was due 14 days thereafter. The discovery plan and scheduling order is now overdue and should be submitted promptly.

IT IS FURTHER ORDERED that I recuse from continued assignment to this case and ask the Clerk of Court to randomly reassign this matter to another Magistrate Judge.

Dated this 13th day of November, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE